## M. P. WHEELER ET AL. V. STATE, EX REL. ASHLEY LONDROSH.

[FILED JULY 1, 1891.]

1. **Mandamus:** ISSUE AT CHAMBERS. *A judge of the district court at chambers granted an alternative writ of mandamus to which the respondent made a return, and the case was submitted on the writ and returned to the judge while holding court in a county adjoining that in which the mandamus proceedings were instituted. The return was held insufficient and a peremptory writ awarded. Held, There was no issue of fact to be submitted to a jury and a peremptory writ was properly issued.*

2. **New Counties:** OFFICERS. *Where a new county is created, the county commissioners elected at the election ordered by the governor for the organization of the county, merely continue in office until the next general election for such officers and until their successors are elected and qualified. (State v. Field, 26 Neb., 393.)*

ERROR to the district court for Thurston county. Tried below before NORRIS, J.

*Abbott & Curry,* and *Barnes & Tyler,* for plaintiffs in error, cited: *Olive v. State,* 11 Neb., 1; art. 1, Const. Neb., sec. 6; *Sprick v. Washington Co.,* 3 Neb., 255; *Crossley v. Steele,* 13 Id., 221; *Ransdell v. Reed,* 15 Id., 644; *Parks v. Ross,* 11 How. [U. S.], 362 and cases; *Ins. Co. v. Tweed,* 7 Wall. [U. S.], 44; *Anderson v. Colson,* 1 Neb., 173; *State v. Palmer,* 10 Id., 207; 2 Dillon, Mun. Corp., secs. 827, 828, 829, 832, 833, 864; Angell & Ames, Corp., 709; *Mitchell v. Sch. Dist.,* 8 Neb., 92; *Beatty v. Omaha,* 14 Id., 267; *Tingley v. Dolby,* 13 Id., 374; *Dobbins v. Oberman,* 17 Id., 171.

*Jay Bros. & Groves, contra,* cited: *Clark v. Dunham,* 24 Neb., 263; *State v. Williams,* 8 S. W. Rep. [Mo.], 771; *State v. Jaynes,* 19 Neb., 164; High, Ex. Leg. Rem., 74–5; *Territory v. Shearer,* 7 N. W. Rep. [Dak.], 135;

*Crowell v. Lambert*, 10 Minn., 295; *People v. Head*, 25 Ill., 325; *State v. Kearney*, 28 Neb., 103; *State v. Field*, 26 Neb., 393; *State v. Foster*, 32 Kan., 14; *Robinson v. Cheboygan Co.*, 49 Mich., 321; *Territory v. Bernalillo Co.*, 16 Pac. [N. M.], 855; *Huffman v. Mills*, 18 Pac. [Kan.], 516.

MAXWELL, J.

In April, 1890, the relator applied to Judge Norris for a peremptory writ of *mandamus* against the plaintiffs in error, whereupon said judge granted an alternative writ as follows: "Whereas it has been suggested to the undersigned judge of the seventh judicial district of the state of Nebraska, by the affidavit of Ashley Londrosh, the relator herein, that Thurston county, in the state of Nebraska, was duly organized by an act of the legislature of the state of Nebraska, said act approved March 26, A. D. 1889, and that certain persons were appointed by the governor of the state of Nebraska commissioners of the aforesaid county of Thurston; that said persons so appointed commissioners did, at a regular meeting of said commissioners, while in session, divide the county according to law into three commissioners' districts and numbered them respectively first, second, and third, and that said persons so appointed commissioners of the aforesaid county of Thurston, in accordance with the law, duly fixed a time for holding the first election in and for said county of Thurston for county and precinct officers, and the time so fixed being the 6th day of May, 1889; that at a special election held in said county of Thurston on the 6th day of May, 1889, John S. Lemmon was one of the candidates for the office of county commissioner of said second commissioner district of said county of Thurston, and was one of the persons declared elected to said office of commissioner in the second commissioner's district, and has been acting as said commissioner of the said second commissioner's district ever since; that on the 5th day of Novem-

ber, 1889, it being the first general election held since the organization of said county of Thurston; that the relator was and now is a resident and citizen of the said county of Thurston, and state of Nebraska, and was qualified to hold the office of commissioner of said Thurston county, and that at the said general election held in and for said Thurston county, on the 5th day of November, 1889, among other officers to be elected in said county of Thurston were the commissioners, one for the first district, one for the second district, and one for the third district of commissioners for said county of Thurston, and that said election was held on the 5th day of November, 1886. Of the two candidates for said office of county commissioner of the second commissioner's district the relator herein received 285 votes, and the aforesaid John S. Lemmon received 251 votes, and the above named persons were the only candidates for said office of county commissioner of the second commissioner's district, and the only persons receiving any votes for said office of commissioner of said second commissioner's district; that afterwards the canvassing board met at the office of the county clerk of said county, and the votes of said county were there duly canvassed according to law, and that said canvassing board duly declared the relator herein elected to the office of county commissioner for said second commissioner's district; that the clerk of said county duly executed by his hand and official seal, and delivered unto Ashley Londrosh, the relator herein, a certificate in due form, of his election as commissioner of said Thurston county, and on the 5th day of December, 1889, the relator herein took and subscribed the oath of office as required by law; that on the 3d day of January, 1890, the relator herein duly presented his official bond, which was duly approved according to law, and that on the 14th day of January, 1890, was the first meeting of the board of commissioners elected at the general election held on the 5th day of November, 1889.

At the said meeting the respondent herein, and the aforesaid John S. Lemmon met and organized said board, and the aforesaid John S. Lemmon acted as chairman of said board of commissioners, and that on the same day and at the same time, to-wit, the 14th day of January, 1890, after the organization of said board of commissioners, the relator demanded of the respondents herein that they permit the relator, Ashley Londrosh, to take his seat and be permitted to participate in any and all business which might come before said board. But the respondent herein refused and ignored the relator, claiming that the aforesaid John S. Lemmon, who was elected at the special election, held his office until January, 1891; that again, on the 5th day of February, 1890, one of the respondents, Merritt P. Wheeler, and the aforesaid John S. Lemmon, met at the clerk's office of said county as the board of commissioners of said county, and at the same time the relator herein made a second demand upon Merritt P. Wheeler, one of the respondents herein, to recognize as a member of said board of commissioners for the second commissioner's district of the aforesaid county of Thurston, but the respondent refused the relator's demand; that again, on the 19th day of February, 1890, the relator made a demand in writing upon the respondents for recognition as a commissioner of the aforesaid county of Thurston, which demand was refused and ignored by the respondents herein, and that the respondents have ever since the 14th day of January, 1890, refused to recognize the relator herein as a commissioner of the aforesaid county of Thurston, or permit him to take any part in the proceedings of the business of the board of commissioners of the aforesaid county of Thurston:

"Now, therefore, I, being willing that full and speedy justice be done in the premises, do command you that you recognize the relator herein, Ashley Londrosh, the commissioner of the second district of Thurston county, state of Nebraska, and that you permit him to take part in any and

all business which may come before you as such board of commissioners of the aforesaid county of Thurston, or that you appear before me, a judge of the seventh judicial district of Nebraska, at the city of Wayne, Nebraska, on the 19th day of May, 1890, at 10 o'clock A. M., to show cause why you refuse to do so."

The return to the alternative writ alleges, first, that the alternative writ does not state facts sufficient to constitute a cause of action ; it admits the facts set forth in paragraphs 1, 2, and 3 of said writ; denies the facts contained in the fourth, fifth, sixth, seventh, and eighth. The principal allegation, however, is that at the special election held at the organization of Thurston county, John S. Lemmon received the second highest number of votes and was declared elected commissioner of the second commissioner's district and that his term of office would not expire until January, 1891, etc.

The cause was submitted to the court on the writ and the return thereto and judgment rendered in favor of the relator.

A number of errors are assigned, the principal one being that the court had no jurisdiction to grant the writ at chambers.

The writ seems to have been granted in a county adjoining Thurston county. The principal questions involved were questions of law as to the sufficiency of the return to the writ, and the court in effect held the return insufficient. This is not a question of fact for a jury, but one of law for the court. The return being held to be insufficient, and there being no application to amend the return, the court properly granted a peremptory writ.

The principal question involved in this case was before this court in *State v. Field*, 26 Neb., 393, and it was held that on the organization of a new county the commissioners elected at the first election merely continue in the office until the next general election for such officers, and until their successors are elected and qualified. That case was

decided after a very careful examination of the question, and in our view was decided correctly. The relator, therefore, was entitled to the office, and there is no error in the record. The judgment is therefore

AFFIRMED.

THE other judges concur.