## JOHN F. BROWNE ET AL. V. EDWARDS & McCULLOUGH LUMBER COMPANY ET AL.

FILED APRIL 3, 1895.   No. 6390.

1. **District Courts: JUDGES: AUTHORITY AT CHAMBERS.** "The judges of the several district courts, as such, have no inherent authority at chambers whatever, but only such as the statutes give them." *Ellis v. Karl*, 7 Neb., 381, followed.

2. ———: ———: ———: INJUNCTION. The authority of district judges at chambers in injunction cases is limited by law to the power "to grant, dissolve or modify temporary injunctions" and does not include a final disposition of the cause, either by dismissal or otherwise.

3. **Injunction Bonds: ACTION BEFORE TERMINATION OF SUIT.** No right of action accrues upon an injunction bond given on the granting and issuance of a temporary injunction in an action commenced to obtain a perpetual injunction until the final determination of the suit in which the temporary order was granted, and an action at law instituted on the undertaking prior to the final disposition of the cause is prematurely brought and cannot be maintained.

4. ———: ———: EVIDENCE. *Held*, that the evidence in this case does not show a final determination of the suit in which the injunction bond upon which it is based was given.

ERROR from the district court of Cedar county.   Tried
below before NORRIS, J.

*A. M. Gooding* and *Benjamin M. Weed*, for plaintiffs in
error.

*Wilbur F. Bryant* and *J. C. Robinson*, contra.

HARRISON, J.

It appears from the pleadings in this case that on the 11th
day of September, 1891, John F. Browne, of plaintiffs in
error (hereinafter referred to as "plaintiffs"), commenced an
action in the district court of Cedar county against defend-
ant in error (hereinafter called the "Lumber Company")
and obtained a temporary order of injunction by which the
Lumber Company was restrained from selling or causing to
be sold, or in any manner interfering with, Browne's right
of possession of certain personal property of which he then
held possession, as sheriff of Cedar county, by virtue of
an execution issued by the county court of said county in
an action wherein the Lumber Company was plaintiff and
Browne defendant; that upon the granting of the tem-
porary injunction an undertaking was executed by John
F. Browne as principal and Peter Garney, Joseph Morton,
Theodore Beste and T. H. Cole as sureties; that a motion
was filed by the Lumber Company to vacate the temporary
injunction, and upon the hearing of the motion by the judge
of the district court at chambers, during vacation, the or-
der of injunction was dissolved, and it is claimed the judge
then further ordered or attempted a dismissal, or to make
a full disposition of the cause.   The Lumber Company
then instituted this action upon the injunction undertaking
to recover its damages alleged to have been suffered by rea-
son of the operation of the order of injunction while in
force, and in a trial of the issues to the court, a jury hav-
ing been waived, was successful and obtained a judgment

for such damages, and from which disposition of the issues
these proceedings in error have been prosecuted to this
court.

Subsequent to the filing of the papers here a motion was
interposed on behalf of the Lumber Company, asking the
court to strike the bill of exceptions from the files, assign-
ing as a reason therefor that it was not prepared and served
within the time prescribed by law, or that fixed by the trial
court, also to dismiss the case for want of prosecution, and
the questions raised by this motion are argued in connection
with the merits of the case in the brief presented for the
Lumber Company; but it appears from the record that on
October 24, 1893, the motion was denied, hence we will not
give it further consideration at this time.

It is contended by plaintiffs that the judge had no juris-
diction at chambers to consider the merits of the cause, or
to finally dispose of it by dismissal or otherwise.   Section
23 of article 6 of the constitution provides: "The several
judges of the courts of record shall have such jurisdiction
at chambers as may be provided by law."   And it has been
provided by the legislature (see secs. 39 and 57, ch. 19,
Comp. Stats., 1893): "That any judge of the district court
may sit at chambers at any time and place within his judi-
cial district, and while so sitting shall have the power, 1.
To grant, dissolve or modify temporary injunctions.   *   *
4. To discharge such other duties or to exercise such other
powers as may be conferred upon a judge in contradistinc-
tion to a court;" and in section 252 of our Code of Civil
Procedure, under the heading "Injunction," the allowance
of an injunction is provided for as follows: " The injunc-
tion may be granted at the time of commencing the action,
or at any time afterward, before judgment, by the supreme
court or any judge thereof, the district court or any judge
thereof, or in the absence from the county of said judges,
by the probate judge thereof, upon it appearing satisfac-
torily to the court or judge by the affidavit of the plaintiff

or his agent that the plaintiff is entitled thereto;" and in section 263 the right to move to vacate the order of injunction is given, and it is therein stated that such application may be made "to the court in which the action is brought or any judge thereof," etc. In the case of *Ellis v. Karl*, 7 Neb., 381, this court said that under the constitution "the judges of the several district courts, as such, have no inherent authority at chambers whatever, but only such as the statutes give to them." We have quoted, or given, the substance of the statutes in which authority is conferred upon a judge at chambers in regard to injunctions, and it is clearly limited in respect to a motion to vacate, such as was the one in this case, to its dissolution or modification; and if the judge disposed of the main case on the hearing at chambers of the motion to vacate the temporary order, such action was without authority on his part and unwarranted and of no effect.

On the hearing of the motion to vacate the temporary injunction the district judge, as appears from a copy of the journal entry of the proceedings, made and caused to be entered of record in the clerk's office the following order: "Now on this 24th day of September, 1891, this cause came on to be heard upon the motion of the defendants to vacate the temporary injunction, heretofore granted in this case, and was submitted to the court upon affidavits and arguments of counsel, and the court being fully advised in the premises, does sustain said motion, and said injunction is hereby vacated and dismissed, to which plaintiff excepts." From a perusal of this order it seems very evident that there was no attempt on the part of the judge to go beyond his jurisdiction or to do anything more than set aside the temporary order of injunction. It is headed, "Order Dissolving Injunction," which makes apparent the intention of the judge with reference to what was to be included in it, and it states in the body that "the court being fully advised in the premises,

does sustain said motion, and said injunction is hereby vacated and dismissed." There is nothing contained in the entry which can in the least be construed as alluding to the main case, or as an attempt to dispose of it in any manner or to any degree. That the word "dismissed" is used in connection with the disposition of the temporary injunction affords no ground for the statement that the cause itself was dismissed or attempted to be, as it plainly refers and applies to the injunction, and though the word "dissolved" is almost universally used in this entry, "dismissed," when given the meaning "discharged," while probably not a strictly proper use of it, alluding to the termination of a temporary order of injunction, we think it an allowable one, and we conclude, so far as the record discloses, there was and has been no final disposition of the case in which the temporary injunction was granted. If this be true, then this action was prematurely brought, as no action at law can be maintained upon the injunction bond until the final determination of the cause in which the injunction issued. (High, Injunctions, sec. 1649; *Bemis v. Gannett*, 8 Neb., 236.) "This right of action on the bond cannot accrue until there has been a final decree in the cause in which the bond is given. The order dissolving an injunction before final hearing is interlocutory merely from which no appeal would lie (*Thomas v. Wooldridge*, 23 Wall. [U. S.], 283; *Young v. Grundy*, 6 Cranch [U. S.], 51; *Moses v. Mayor*, 15 Wall. [U. S.], 387); and we have not been been cited, nor have we found, a well considered case in which it has been held that an action on an injunction bond could be maintained before final decree in the cause in which such bond was given. The authorities are all the other way (2 High, Injunctions, sec. 1649; *Gray v. Veirs*, 33 Md., 159; *Penny v. Holberg*, 53 Miss., 567; Murfree, Official Bonds, p. 393, secs. 391, 392; *Bemis v. Gannett*, 8 Neb., 236; *Bentley v. Joslin*, Hemp. [U. S.], 218; *Clark v. Clayton*, 61 Cal., 634; *Weeks v. Southwick*,

12 How. Pr. [N. Y.], 170; *Brown v. Galena Mining & Smelting Co.*, 32 Kan., 528, 4 Pac. Rep., 1013.) It follows in this case, then, that although the injunction was dissolved in the district court before final hearing, yet no right of action accrued on the bonds, or could accrue, until a final decree had been rendered in the cause in which such bond was given." (*Cohn v. Lehman*, 6 S. W. Rep. [Mo.], 267; *Jones v. Ross*, 29 Pac. Rep. [Kan.], 680.) The judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.