W. E. HODGIN ET AL. V. NOAH WHITCOMB ET AL.

FILED MAY 18, 1897.   No. 7193.

1. **Unauthenticated Bill of Exceptions.**  This court will not consider a bill of exceptions where the same is not authenticated by the certificate of the clerk of the court below.

2. **Instructions: NEW TRIAL: REVIEW.**  An objection to a charge not called to the attention of the court by the motion for a new trial will not be considered.

3. ——: **ASSIGNMENTS OF ERROR.**  An assignment of error to instructions as a whole, in a motion for a new trial or petition in error, is insufficient unless each paragraph is erroneous.

4. ——: **EXCEPTIONS.**  An instruction will not be reviewed unless it appears to have been excepted to below.

5. **New Trial: JUDGMENT RENDERED IN VACATION.**  A judge of the district court is without authority, in vacation and out of term time, to either pass upon a motion for a new trial or render a money judgment in a cause.

ERROR from the district court of Thurston county. Tried below before NORRIS, J.   *Reversed.*

*Jay & Beck* and *A. C. Abbott,* for plaintiffs in error.

*J. M. Curry* and *Barnes & Tyler, contra.*

NORVAL, J.

This was a suit on a builder's bond. From a verdict and judgment for plaintiffs below, error is prosecuted by the unsuccessful parties.

The petition in error contains numerous assignments, based upon alleged rulings of the trial court on the admission and exclusion of testimony, which cannot be considered, inasmuch as the document attached to the transcript which purports to be the bill of exceptions in this cause is in no manner authenticated by the clerk of the district court. (*Romberg v. Fokken*, 47 Neb., 198; *Childerson v. Childerson*, 47 Neb., 162; *Romberg v. Hediger*, 47 Neb., 201; *Andrews v. Kridler*, 47 Neb., 585; *Derse v. Straus*, 49 Neb., 665.) For the same reason we cannot review the evidence for the purpose of ascertaining its sufficiency to sustain the verdict, or determine whether there was error in the assessment of the amount of recovery, or whether there was any misconduct of the jury.

Complaint is made of the giving of paragraphs 4 and 5 of the court's charge. Those instructions were not assigned for error in the motion for a new trial, the only reference made therein to the subject being in the following language: "8. The court erred in giving paragraphs Nos.———, given by the court on its own motion." This was wholly inadequate to lay the foundation for the review of any of the instructions of the court.

Three assignments in the petition in error are based upon as many instructions alleged to have been given at the request of the plaintiffs below. There are two reasons why such assignments are not well founded: First, the record does not disclose that any one of the instructions requested by plaintiffs was given or read to the jury. In the next place the assignment in the motion for a new trial was directed to the instructions requested by plaintiff as a whole, which is insufficient unless all are erroneous. Errors in respect to giving instructions must be separately assigned in the motion for a

new trial as well as in the petition in error. (*Spears v. Chicago, B. & Q. R. Co.*, 43 Neb., 720; *Dempster Mill Mfg. Co. v. First Nat. Bank of Holdrege*, 49 Neb., 321; *Stough v. Ogden*, 49 Neb., 291.)

The assignment that the court erred in refusing to give instruction 2, asked by the defendants, must be overruled, because it does not affirmatively appear that such request was not given. Furthermore, if it was refused, no exception was taken at the time to such refusals in the court below, therefore no objections can be successfully presented in this court. (*Merrill v. Equitable Farm & Stock Improvement Co.*, 49 Neb., 198.)

It appears from the record that this cause was tried, the verdict returned, and the motion for a new trial filed, during the May term, 1894, of the district court of Thurston county, which term adjourned without day on the 19th day of May, and that the motion for a new trial was passed upon and the judgment rendered on the verdict of the jury by Judge Norris on the 24th day of said month, out of term time. This action of the court is now assailed. By section 23, article 6, of the constitution, "the several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." It is plain that the constitution confers no judicial powers upon a judge of the district court at chambers. He can exercise such authority alone as is given by the legislature. (*Ellis v. Karl*, 7 Neb., 381.) The statutes of this state have conferred jurisdiction upon such judges at chambers in certain matters,—among others, to confirm the sale of real estate (*State Bank v. Green*, 8 Neb., 297; *McMurtry v. Tuttle*, 13 Neb., 232; *Lawson v. Gibson*, 18 Neb., 137), to license an executor, administrator, or guardian to sell real property for certain purposes (Compiled Statutes, ch. 23, sec. 339; *Stewart v. Daggy*, 13 Neb., 290; *Stack v. Royce*, 34 Neb., 833, and to issue a *mandamus* (*Wheeler v. State*, 32 Neb., 472; Compiled Statutes, ch. 19, secs. 39, 57). We are unable to find any legislative enactment in this state which authorizes a judge of the district

court to pass upon a motion for a new trial, or to render a money judgment, when the court is not in actual session for the transaction of business. Judge Norris was clothed with no judicial authority in vacation to rule upon the motion for a new trial and render judgment, and his acts in that regard are *coram non judice.* (*Brumley v. State*, 20 Ark., 77; *Wightman v. Karsner*, 20 Ala., 446; 1 Black, Judgments, sec. 179.) The judgment is reversed and the cause remanded to the district court with directions to proceed in the cause in accordance with law, in all respects as though the decision and journal entry of date of May 24, 1894, had never been made and entered.

REVERSED AND REMANDED.