## JOSEPH A. KIME V. ROSELL FENNER.

FILED APRIL 8, 1898.   No. 7969.

1. **Judges:** POWERS AT CHAMBERS.   A judge at chambers possesses no jurisdiction to vacate or modify orders or judgments of the district court.

2. **Vacating Judgments:** PLEADING.   Where a defendant against whom a judgment has been irregularly entered moves for a vacation thereof under the provisions of sections 602-611 of the Code of Civil Procedure, he must show that he has a defense to the action. Such defense, however, need not be a complete and perfect defense to the plaintiff's entire claim.   A defense to any substantial part of it will be sufficient to entitle defendant to the relief demanded.

3. ——: ——.   Where a petition seeking the vacation of a judgment irregularly entered against a defendant has an answer attached thereto presenting several defenses to the plaintiff's cause of action, the court cannot strike out such answer on the ground that all the defenses pleaded are not available, and then dismiss the proceeding because the defendant's petition does not exhibit a defense to the action.

ERROR from the district court of Box Butte county. Tried below before BARTOW, J.   *Reversed.*

*R. C. Noleman,* for plaintiff in error.

*Thomas Darnall* and *W. G. Simonson, contra.*

SULLIVAN, J.

Fenner sued Kime in the county court of Box Butte county and recovered a judgment against him for $222.75 and costs expended, taxed at $18.   Kime appealed and caused a transcript of the proceedings in the county court to be filed in the office of the clerk of the district court within thirty days from the rendition of the judgment. Through some misunderstanding the clerk did not docket the appeal, but instead entered the transcript on the judgment record.   Thereupon the plaintiff, proceeding on the assumption that the district court had not acquired jurisdiction of the cause, at the next term filed a transcript of

the proceedings and moved for judgment thereon pursu-
ant to the provisions of section 1011 of the Code of Civil
Procedure. The trial docket does not show that any
action was taken on the motion during the term, and the
only evidence that any action was in fact taken is that
contained in a letter of the presiding judge written after
the adjournment of the term to the attorney for the
plaintiff. This letter was filed with the clerk and is in
part as follows:

"O'NEILL, NEBRASKA, 5-26-'90.

"DEAR SIMONSON: Replying to yours of the 18th, would
say the motion in question was decided in your favor,
which the minutes should show.  *  *  *

"Yours,                    M. P. KINKAID."

Assuming that this communication referred to the mo-
tion of Fenner for judgment on the transcript of the
county court, the clerk entered on the journal a judgment
similar to the one from which the appeal had been prose-
cuted. Afterwards, at the suggestion of the court, the
defendant filed a petition asking that this judgment be
vacated on the ground that it had been irregularly ob-
tained. At the October term, 1893, to-wit, on October
12, the cause came on to be heard on the petition, and the
plaintiff Fenner being in default of an answer, the court
found the facts stated in the petition to be true and
made an order setting aside the judgment complained of.
Subsequently, on November 14, 1893, at his chambers in
Chadron, Judge Bartow made an order vacating the
order of October 12 and directed that Fenner answer the
petition of Kime within thirty days. Instead of answer-
ing, Fenner filed a general demurrer, which was over-
ruled at the April, 1894, term of the court. He then
moved to strike from the petition an answer setting up a
defense and counter-claim to Fenner's cause of action
and for judgment on the pleadings. This motion was
sustained. Kime's petition was dismissed and costs to
the amount of $100 taxed against him. To reverse this
judgment he prosecutes error.

The judgment is erroneous and must be reversed. The answer attached to Kime's petition states a defense to the original cause of action, but it seems to have been stricken out on the theory that it presented different issues from those on which the case was originally tried. The answer attached to the petition for a vacation of the judgment contained a general denial and a counter-claim. It is asserted that the answer in the county court was only a general denial. Conceding this to be true, the motion of Fenner should, nevertheless, have been overruled. If the answer presented any defense, partial or complete, on which Kime could rely on a trial in the district court, it was sufficient. The court held that defendant's petition, with the answer attached thereto, did state facts sufficient to entitle him to have the judgment vacated. It then struck out the answer and condemned the pleading as insufficient. This method of procedure was irregular and unwarranted. The court could not emasculate the petition and then dismiss the proceeding because the petition in its emasculated form did not state a cause of action.

There is also another reason why the judgment is erroneous. The order of October 12, 1893, vacating the judgment in favor of Fenner has never been set aside. It is still in full force and effect. The order made by Judge Bartow at chambers on November 14, 1893, was a mere nullity. A judge at chambers possesses no jurisdiction to vacate orders or judgments of the district court. For the errors indicated the judgment complained of must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.