DANIEL D. JOHNSON ET AL. V. CHARLES A. BOUTON.

FILED NOVEMBER 17, 1898. No. 8418.

1. **Injunction: POWER OF JUDGE AT CHAMBERS.** A district judge at chambers has no power to determine finally an action for injunction, or to enter an order out of term time dismissing a cause.

2. **Jurisdiction: CONSENT.** Consent of parties cannot confer jurisdiction of the subject-matter.

3. **Injunction: ACTION ON BOND.** An action on a temporary injunction bond will not lie until there has been a final adjudication of the injunction cause on its merits.

ERROR from the district court of Scott's Bluff county. Tried below before NEVILLE, J. *Reversed.*

*F. A. Wright* and *C. C. Wright,* for plaintiffs in error.

*George W. Heist* and *M. J. Huffman, contra.*

NORVAL, J.

In July, 1891, Daniel D. Johnson commenced an action in the district court of Scott's Bluff county to enjoin Charles A. Bouton from diverting or interfering with the

waters of Winter creek. A temporary injunction was
allowed by the judge of the district court of said county,
and Johnson, with William H. Wright and Thomas
Roberts, as his sureties, entered into a bond or under-
taking to the defendant to pay him all damages which
he might sustain by reason of the suing out of said in-
junction, if it should be finally determined that the same
ought not to have been granted. This undertaking was
filed with, and approved by, the clerk of said court. Sub-
sequently, in vacation, the judge of said court entered
an order dismissing the cause. Thereupon this suit was
instituted by Bouton against the principal and sureties
upon the injunction bond. Plaintiff obtained judgment
in the sum of $300, and the defendants have brought the
record here for review.

A number of errors are assigned, based upon the ad-
mission of testimony, the giving of instructions, and the
sufficiency of the evidence to sustain the verdict and
judgment, which present for consideration substantially
the same question, namely, was the order entered during
vacation dismissing the injunction suit without jurisdic-
tion and void? A judge of the district court possesses
only such authority or jurisdiction at chambers as is con-
ferred by statute. (*Ellis v. Kart*, 7 Neb. 381.) Authority
is given a district judge in vacation to grant, dissolve, or
modify a temporary injunction, but he is given no juris-
diction out of term time to make an order dismissing an
injunction suit or to make any other final disposition
of such cause. This was expressly ruled in *Browne v.
Edwards & McCullough Lumber Co.*, 44 Neb. 361. The fact
that the parties to the injunction suit stipulated that the
decision on the merits should be entered by the judge
in vacation is unimportant. That jurisdiction of the
subject-matter cannot be conferred by agreement of par-
ties is elementary. The record before us fails to show
that any order was ever entered vacating or dissolving
the temporary order of injunction, either in term time or
in vacation. The order of dismissal entered by the judge

at chambers is void, and there has never been a final dis-
position of the case in which the injunctional order was
granted; hence a right of action on the bond has not yet
accrued, and this suit was prematurely brought. (*Browne
v. Edwards & McCullough Lumber Co.*, 44 Neb. 361.) The
judgment, for the reasons stated, is

REVERSED.