### ROSS GAMBLE ET AL. V. BUFFALO COUNTY.

FILED DECEMBER 8, 1898.    No. 8502.

District Judge: AUTHORITY IN VACATION. A district judge is without authority to render in vacation a money judgment. Consent of parties will not confer such authority.

ERROR from the district court of Buffalo county. Tried below before NEVILLE, J. *Reversed.*

*E. C. Calkins* and *H. V. Calkins,* for plaintiffs in error.

*Fred A. Nye,* and *Norris Brown, contra.*

IRVINE, C.

This was an action on two official bonds of a former treasurer of Buffalo county. The principal did not answer. There was a trial of issues joined on the answer of the sureties and a judgment in form entered for the plaintiff. The sureties bring the case here for review.

It appears from the record, and is conceded in the briefs, that the supposed judgment was entered at a time when the district court was not in session; in other words, it was the act of the judge in chambers and not of the court. The case being a simple action of a legal nature, and the judgment being for the recovery of money, and not of such a nature as the law permits the judge to render in chambers, the attempted judgment

was *coram non judice*, and void. (*Hodgin v. Whitcomb*, 51 Neb. 617.)

It is argued that the defendants consented to the entry of judgment in vacation. No such consent appears in the record. The entry which it is contended supports that assertion is the entry recording the trial and submission, and contains this: "Decision of this cause to be rendered in vacation." This indicates an order of the court rather than a stipulation of the parties. Moreover, had there been consent it would be immaterial. The defect is of jurisdiction of the subject-matter,—want of authority in the judge to make the order. Such authority cannot be supplied by consent.

REVERSED AND REMANDED.