Nels Shold, Administrator, appellee, v. Peter H. Van Treeck et al., appellees; State of Nebraska, appellant.

Filed June 26, 1908. No. 15,064.

1. Appeal. Where a party seeks to intervene in an action after the entry of a void judgment, and his petition for intervention is dismissed, the time for appealing to this court dates from the dismissal of his petition, and not from the date of the void judgment.

2. ———: Notice: Jurisdiction. The failure to serve notice of appeal on appellees, as prescribed by rule 36 of this court, does not affect the jurisdiction of this court over the action, and this court will, for good cause shown, permit the issuance and service of an alias notice of appeal.

3. Mortgages: Foreclosure: Jurisdiction at Chambers. The district court is without jurisdiction to hear and determine at chambers an action to foreclose a mortgage. Where the hearing was had and decree entered at chambers, they are void.

Appeal from the district court for Dawes county: William H. Westover, Judge. *Reversed with directions.*

*William T. Thompson, Attorney General, W. B. Rose* and *A. W. Crites,* for appellant.

*D. B. Jenckes* and *Allen G. Fisher, contra.*

Good, C.

In 1903, Charles Jansen, a resident of Dawes county, Nebraska, departed this life, leaving no heirs or next of kin to inherit his estate. He left personal property consisting of notes secured by real estate mortgages. Nels Shold was duly appointed as administrator of his estate in July, 1903. In August, 1905, the administrator commenced two actions in the district court for said county to foreclose two mortgages given by Peter H. Van Treeck and Josephine Van Treeck to said Jansen in his lifetime. Said mortgages were for $300 and $800, respectively, each

dated May 15, 1903, and bearing interest at the rate of 7 per cent. from date. On motion of the Van Treecks the two actions were consolidated as one action. They then filed answers to the petition, in which they admitted all the allegations of the petition, and as an affirmative defense alleged that Jansen in his lifetime had agreed with the defendants that, in the event of Jansen's death, upon their paying the debts of the decedent and his funeral expenses, the notes and mortgages were to become the property of the defendants, and that said mortgages should be canceled and surrendered to the defendants, and alleged their offer and willingness to perform the conditions agreed upon. Replies were filed by the administrator to the answers. Some time previous to the bringing of these actions the state of Nebraska had appeared in the probate proceedings in the county court, and filed a petition asking that the property of said Jansen, after paying the debts and funeral expenses, should escheat to the state. Shortly after commencing the foreclosure actions, the administrator filed in the county court a petition for final settlement as administrator. On the 28th day of March, 1906, the parties to the foreclosure action, with the assent of the court, procured a hearing of the said cause at the private rooms of the presiding judge in the hotel at which he was staying at Chadron. That hearing resulted in a decree in favor of the plaintiff on the two causes of action for $515, being about one-third of the amount due upon the notes and mortgages, unless the defense tendered by the defendants in their answers was valid. On the 23d day of May, 1906, and during the same term of court, the state of Nebraska filed in the office of the clerk of the district court for said county a statement under oath, suggesting that Jansen had died intestate, a resident of said county, and had left no heirs or next of kin who could inherit his estate, and that the estate would escheat to and belong to the state of Nebraska. On the following day the state of Nebraska filed in the said cause a petition of intervention, setting forth the above facts con-

tained in the sworn statement above referred to, and averred that the defense set up by the defendants in said foreclosure action was fictitious, and constituted no ground of defense, and alleged that the amount due on the notes and mortgages being foreclosed was the sum of $1,100, with interest at the rate of 7 per cent. from the 15th day of May, 1903. It was also alleged that, through fraud and collusion between the administrator and the defendants in the action, a decree of foreclosure had been entered for a sum greatly less than the amount actually due, and that the judgment and decree were void, because the court had no jurisdiction to hear and enter a decree at the rooms of the judge at the hotel, and alleged that the said cause was then pending and undetermined. On the 30th day of July, 1906, the attorney for the defendants in said foreclosure action appeared as *amicus curiœ,* and on his motion said sworn statement was stricken from the files, and a hearing was had upon the application for intervention, and the petition was dismissed. From this order the state of Nebraska, as intervener, has appealed.

The appellees, who are the plaintiffs and the defendants in the original foreclosure actions, have filed no brief, but have appeared specially to challenge the jurisdiction of this court. Two objections are urged: First, that the cause was not docketed in this court within six months after the rendition of the judgment in the foreclosure action; second, that no notice of appeal was served upon appellees within the time prescribed by rule 36 of this court. The final order dismissing the petition of intervention was made on the 30th day of July, 1906. The transcript of the proceedings was filed in this court on the 23d day of January, 1907, and within six months from the date of the order dismissing the petition of intervention. Section 675 of the code relating to appeals, provides, among other things, that the filing of the transcript, containing the judgment, decree or final order sought to be reversed, within six months after the rendi-

tion of such judgment, decree or final order, shall confer jurisdiction on this court. It is clear that the appeal prosecuted by the state is from the order dismissing its petition of intervention, and not from the decree of foreclosure. The appeal was, therefore, perfected within time, and this court became vested with jurisdiction of the cause.

The second objection, relating to the giving of notice of appeal, is based upon a failure to comply with rule 36 of this court. Rule 36 provides for the issuance of a notice of appeal by the clerk of this court upon the filing of the precipe prescribed by rule 33. The precipe was duly filed within the time prescribed, and the clerk issued the notice of appeal, but there is no return showing that the notice was served as required by the rule. Upon discovery of this fact, the state of Nebraska, the appellant, made application to this court for leave to have an alias notice of appeal issued and served. This application was granted, and the notice issued and served. The appellees contend that this was insufficient to confer jurisdiction upon this court. It is apparent that the question of the jurisdiction of this court is not involved, because the statute confers jurisdiction upon this court by the filing of the transcript. The object of the rule requiring the issuance and service of a notice of appeal was for the convenience of litigants, to promptly notify them that the appeal had been lodged in this court, and to enable them to prepare for a hearing of the cause in this court. The failure to issue or serve the notice of appeal could not divest this court of jurisdiction. It might prevent the appealing party from having a hearing in this court until he had complied with the rules and given proper notice to the other party, and it was within the province of this court, upon a proper showing, to permit an alias notice of appeal to be served. The failure of the clerk to send the notice to the sheriff for service, or the failure of the sheriff to make service and return, could not deprive this court of jurisdiction, and would not deprive

the appellant of the right of a hearing in this court upon giving such notice as the court prescribed. The objections to the jurisdiction do not appear to be well founded, and should be overruled.

This brings us to the questions presented by the appeal. The right to intervene is conferred by statute. Under the statute, intervention may be had in a cause pending, but it must be previous to the commencement of the trial, and subject to the authority of the court to control its records and acts during the term. The petition of the state shows that it is interested in this litigation, and that it has rights that may be lost if it is not made a party to the action. It had a right, therefore, to intervene and to be made a party plaintiff for the purpose of protecting its rights, provided the application for intervention was made while the cause was pending and before the trial commenced. It is apparent, therefore, that the state can have no standing in this action unless the judgment or decree entered on the 28th day of March, 1906, is absolutely void. If the judgment was not void, then the application to intervene was not made until after trial. If the judgment was absolutely void, then the cause was still pending, and the application was made in due time.

Section 4753, Ann. St. 1903, provides that all terms of the district court shall be held at the county seat at the court house or other place provided by the county board. Sections 4749 and 4751 provide what business may be transacted by the judges of the courts at chambers. It is unnecessary to enumerate what things may be done at chambers, but it is sufficient to say that they do not cover the trial of an action to foreclose mortgages. The precise question, so far as we are aware, has not been before this court, but similar questions have been, and the decisions of the court upon these allied questions are useful in determining the conclusion that should be reached in this case. Section 11 of the act concerning counties and county officers, approved February 27, 1873 (laws 1873, p. 735), provides that the county commissioners shall meet

for the transaction of business for the county at the court house in their respective counties, or at the usual place of holding sessions of the district court. In *Merrick County v. Batty,* 10 Neb. 176, this court held that, under said section, the county commissioners were required by law to hold their sessions at the county seat, and that they had no authority to enter into a contract in relation to county business at any other place. A contract entered into at another place than the county seat was held void. In *Conover v. Wright,* 3 Neb. (Unof.) 211, it was held that a judgment rendered by a district judge at chambers in a mechanic's lien foreclosure was null and void. In *Hodgin v. Whitcomb,* 51 Neb. 617, it was held that a judge of the district court was without authority in vacation and out of term to hear and pass upon a motion for a new trial, or to render a money judgment in an action. It was further held in that case that the district court was clothed with no judicial authority in vacation to rule upon a motion for a new trial and render judgment. The cause was reversed and remanded, with directions to proceed with the cause as though the decision and journal entry of the district court had not been made. In *Kime v. Fenner,* 54 Neb. 476, it was held that a judge at chambers possesses no jurisdiction to vacate or modify an order or judgment of the district court. In *Johnson v. Bouton,* 56 Neb. 626, it was held that a judge at chambers had no power to determine finally an action for injunction, or to enter an order out of term dismissing the cause. It was there held that the fact that the parties to the injunction suit stipulated that the decision on the merits should be entered by the judge in vacation did not affect the validity of the judgment, for the reason that consent of the parties could not confer jurisdiction, and it was held that the order of dismissal made by the judge at chambers was void, and that there was no final disposition of the case in which the injunction was granted. In *Gamble v. Buffalo County,* 57 Neb. 163, it was held that the district court was without authority in vacation to render a money judgment,

and that the consent of the parties could not confer such authority.

The supreme court of Iowa, in *Funk v. Carroll County*, 96 Ia. 158, reversed and remanded a judgment because the court, during the progress of the trial, had adjourned to the residence of a witness and there taken the evidence of the witness. It was there held that, in a county where there is a regular courthouse provided and used for holding court, the court had no authority to adjourn to a private house for a trial or a portion of a trial, and that the court so sitting was without jurisdiction. However, we are not prepared to hold to this extent. The law of this state has fixed the place where the court shall be held. It determined what business may be transacted at chambers, and this court cannot change the law, and has no power to change the time or place at which the court may be held. The district court possesses jurisdiction only so long as it is holding court in conformity with the law; and when, without excuse, it disregards the law and attempts to hold court in any other place than that prescribed by statute, its acts become *coram non judice*. When the court attempts to render a judgment at a place other than where it is authorized to hold court, it has no jurisdiction, and its acts possess no validity. It follows, therefore, that the decree rendered in the foreclosure case at the hotel in Chadron was absolutely void, and the foreclosure case is, therefore, properly pending in the court and undisposed of, and the state had a right to intervene and to be made a party to that action for the purpose of protecting its rights in the cause. The judgment of the district court in dismissing the petition of the state to intervene is erroneous, and should be reversed.

We recommend that the judgment of the district court be reversed and the cause remanded with directions to permit the state of Nebraska to intervene and to be made a party to the action, and to treat the judgment or decree rendered on the 28th day of March, 1906, as a nullity.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to permit the state of Nebraska to intervene and to be made a party to the action, and to treat the judgment or decree rendered on the 28th day of March, 1906, as a null'ty.

JUDGMENT ACCORDINGLY.