In re Estates of Christina C. Anderson and Alfred A. Anderson, deceased. Nan Hengel, administratrix de bonis non, with will annexed, appellee, v. Nebraska Conference Claimants Society of Methodist Episcopal Church, a corporation, appellant.

31 N. W. 2d 562

Filed April 1, 1948. No. 32393.

*Greydon L. Nichols* and *Robert R. Wellington,* for appellant.

*J. E. Porter* and *George M. Porter,* for appellee.

Heard before Simmons, C. J., Paine, Carter, Messmore, Yeager, Chappell, and Wenke, JJ.

Simmons, C. J.

This appeal involves the allowance or disallowance of claims filed against two estates being probated in Dawes County. The claims are based upon an alleged deficiency judgment. The county court allowed the claims. The district court reversed the judgment of the county court and disallowed the claims. We affirm the judgment of the district court.

The transcript here consists of a part of the record in the probate proceedings and the district court proceeding in this matter. The bill of exceptions consists of stipulations of the parties and of other parts of the probate proceedings, and of parts of the foreclosure proceeding

upon which the purported judgment is based. As we said in Jameson v. Bartlett, 63 Neb. 638, 88 N. W. 860, from this record we have endeavored "* * * to winnow the evidence and lay hold of the essential facts * * *." We state the facts so winnowed as they happened chronologically.

On January 9, 1926, Alfred A. Anderson and Christina C. Anderson, husband and wife, made, executed, and delivered their promissory note for $2,000 to one C. A. Minick. The note was secured by a real-estate mortgage on land in Dawes County. The mortgage was recorded. July 16, 1926, the note and mortgage were sold and assigned to claimant, hereinafter referred to as plaintiff.

The Andersons had a joint will. Christina C. Anderson died July 2, 1926. The will was admitted to probate in her estate proceedings on May 12, 1927, and Alfred A. Anderson was named as administrator. On July 5, 1928, an order for notice to creditors was entered giving creditors three months in which to present their claims, and the administrator twelve months from August 1, 1928, in which to settle the estate. Notice was published. An inventory was filed August 20, 1929, appraisers were appointed, and the estate appraised.

On January 3, 1931, Alfred A. Anderson executed an extension agreement on the indebtedness for five years and executed interest coupon notes to plaintiff.

Alfred A. Anderson died October 6, 1933. The will was admitted to probate as his will on November 27, 1933, and letters of administration issued to Charles W. Anderson. An inventory was filed June 20, 1934, appraisers were appointed, and an appraisement made. Order of notice to creditors was issued on June 27, 1935, giving creditors three months in which to present claims and the administrator twelve months from July 15, 1935, in which to settle the estate. Notice was published.

On January 18, 1936, plaintiff started an action in the district court for Dawes County, alleging the issuance and delivery of the note and mortgage, the extension

agreement and coupon notes, and alleging default in the payment of principal, interest, and taxes, and praying for foreclosure. The defendants named were the administrator of the estate of Alfred A. Anderson, heirs at law of the two Andersons, and all parties interested in the estates of the two Andersons and in the land described in the mortgage. There was an affidavit for and an order authorizing service by publication. The service is not shown. Charles W. Anderson, as administrator and in his own behalf, appeared, demurred, and answered. On October 5, 1936, a foreclosure decree was entered finding the sum of $3,230.30 due. In default of payment the premises were ordered sold. A request for a nine months' stay of the order of sale was filed. An application for a moratorium was made and granted.

On April 19, 1938, the moratorium was set aside. Plaintiff moved for confirmation of the sheriff's sale had on August 10, 1937, and for a deficiency judgment. Defendants requested and were granted leave to file objections to confirmation. It was stipulated that the motion for confirmation and objections thereto could be presented on affidavits to the court at chambers. It was ordered that plaintiff's motion for confirmation and defendants' objections thereto be submitted on affidavits to be furnished within 30 days to the court at chambers at Alliance, "or where the court may be found."

On May 19, 1938, the district judge in chambers at Alliance, Box Butte County, signed a journal entry in which the sale was confirmed and sheriff's deed was ordered to be issued. The order of confirmation went further and found that a deficiency existed in favor of the plaintiff in the amount of $750, payable from the estates of the two Andersons, and judgment for the deficiency and interest was entered. The trial docket in the office of the clerk of the district court for Dawes County shows no entry as of that date or any date subsequent to April 19, 1938.

On April 28, 1939, a claim for $750 for a "contingent

debt becoming absolute after time limited for presenting claims" was filed in each of the Anderson estates, founded on the judgment entered on May 19, 1938. On May 8, 1942, and again on April 17, 1947, an execution was issued on the deficiency judgment and returned unsatisfied.

On March 10, 1943, Charles W. Anderson died.

On November 1, 1943, the county court of Dawes County on petition of Nan Hengel entered an order consolidating the two estate proceedings and appointing "said Nan Hagel" (sic) administratrix with joint will annexed.

On September 19, 1944, Nan Hengel, administratrix of said estates, filed objections to the allowance of the plaintiff's claims filed on April 28, 1939.

On September 25, 1944, the objections were overruled, the claims allowed, and the administratrix ordered to pay the same "out of the assets of said estate."

After motion for rehearing was overruled, a transcript of the proceedings was filed in the district court for Dawes County on October 16, 1944, and refiled October 23, 1944.

On October 17, 1946, the district court entered judgment reversing the judgment of the county court, disallowing the plaintiff's claim, and remanding the cause with directions to carry the judgment into effect.

On October 18, 1946, a motion for new trial was filed. On October 14, 1947, this motion was overruled.

On November 20, 1947, transcript was filed in this court.

The objections to the allowance of the claims were that the claims were not filed within the times limited by the orders of the county court; that the foreclosure action was based on instruments executed only by Alfred A. Anderson and that as to Christina C. Anderson the action was barred; that the court in the foreclosure action had no jurisdiction of the administrator of the estate of Christina C. Anderson or of her heirs; that the petition

did not pray for a deficiency judgment against the administrator of Christina C. Anderson or against her estate or her heirs; that the claims were not founded upon any valid judgment; that no valid judgment exists against the estate of either of the Andersons; and that a claim for money due from the estates could originate only in the court having jurisdiction of the estates.

Answering these objections, plaintiff alleged that notice to creditors was not given within the period of one year of the granting of the letters of administration; and that the action (heretofore denominated the foreclosure action) was commenced under the provisions of section 30-714, Comp. St. 1929, now section 30-714, R. S. 1943. Plaintiff made denials and asserted that the claims were based on a valid and subsisting judgment of the district court for Dawes County.

Plaintiff's assignments of error are that the court erred in sustaining the objections for the reason that the claims on the deficiency judgment were valid; that the record of the deficiency judgment shows that the court had jurisdiction of the parties and of the subject matter; that the deficiency judgment was obtained under the terms and in harmony with section 30-714, R. S. 1943, and is not barred by the Statute of Limitations; that the deficiency judgment cannot be attacked collaterally; that the claims are not barred by the Statute of Limitations; and that the belated notice to creditors did not bar the right to file claims on the deficiency judgment.

The first question to be decided here is whether or not plaintiff has a valid deficiency judgment.

The evidence establishes that the district judge sitting at chambers in Alliance, Box Butte County, there determined and signed the order of confirmation of May 19, 1938, which included the claimed judgment for $750.

The jurisdiction of a judge at chambers is set out in section 24-317, R. S. 1943. This statute, as it then was, was considered in Shold v. Van Treeck, 82 Neb. 99, 117

N. W. 113. The statute provides that a judge sitting at chambers anywhere within his district and upon ten days' notice to the adverse party or his attorney of record shall have power to "enter judgment by default" (subsection 11), and "hear and enter judgments in equity cases upon agreement and stipulation of both parties to the action" (subsection 12). However, here no notice as provided by the statute was given and the agreement and stipulation appearing in the record do not in anywise go to the extent of authorizing a hearing on and entry of a deficiency judgment. We held in the Shold case: "The district court possesses jurisdiction only so long as it is holding court in conformity with the law; and when, without excuse, it disregards the law and attempts to hold court in any other place than that prescribed by statute, its acts become coram non judice. When the court attempts to render a judgment at a place other than where it is authorized to hold court, it has no jurisdiction, and its acts possess no validity." That holding is controlling here. It follows that the deficiency judgment is void and that the claims based thereon were properly disallowed by the district court.

This conclusion makes it unnecessary to determine the other questions presented.

The judgment of the district court is affirmed.

AFFIRMED.