EMIL H. MUELLER ET AL., APPELLANTS, V. EUGENE P.
KEELEY, APPELLEE.

80 N. W. 2d 707

Filed January 25, 1957. No. 34053.

*Charles A. Fisher* and *Dean L. Donoho,* for appellants.

*William B. Quigley* and *Davis, Healey, Davies & Wilson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiffs by amended petition sought a money judgment against defendant. Defendant by answer denied liability and prayed for a judgment of dismissal. By reply plaintiffs renewed their prayer for a money judgment. The cause was tried to the court, a jury being waived, on June 13 and 14, 1955.

The transcript shows "Findings and Judgment" filed

on December 19, 1955. However, it recites that these findings and judgment were made on December 3, 1955. Plaintiffs filed a motion for a new trial on December 10, 1955.

The transcript then contains what appears to be a copy of a letter dated March 27, 1956, written from the office of the trial judge at Alliance, Nebraska. It is directed to the attorneys of record "In Re: Mueller v. Keeley." Two paragraphs refer to the motion for a new trial and discuss the views of the trial court in answer to contentions of the plaintiffs. It concludes: "The motion for new trial is overruled." The letter begins with the salutation "Gentlemen," and ends with "Yours very truly" and the signature of the judge. It bears a "Received & Filed" endorsement of the clerk of the district court dated March 29, 1956.

Plaintiffs treat this letter as a final order overruling their motion for a new trial. Their appeal is based thereon.

Plaintiffs assign errors directed at the judgment for the defendant.

On our own motion we raise the sufficiency of the record to show a final order of the trial court overruling the motion for a new trial. We find it insufficient as a matter of law. We dismiss the appeal as premature.

The Constitution of Nebraska provides: "The several judges of the courts of record shall have such jurisdiction at chambers as may be provided by law." Art. V, § 23.

As early as Ellis v. Karl, 7 Neb. 381, construing this provision we held: "The judges of the several district courts, as such, have no inherent authority at chambers whatever, but only such as the statutes give to them."

That holding was followed in Browne v. Edwards & McCullough Lumber Co., 44 Neb. 361, 62 N. W. 1070. It was followed again in Hodgin v. Whitcomb, 51 Neb. 617, 71 N. W. 314, wherein we held: "He can exercise such authority alone as is given by the legis-

lature." We there reviewed the statutes as to the powers of judges at chambers and held: "We are unable to find any legislative enactment in this state which authorizes a judge of the district court to pass upon a motion for a new trial, or to render a money judgment, when the court is not in actual session for the transaction of business." This decision was cited and followed in Gamble v. Buffalo County, 57 Neb. 163, 77 N. W. 341.

In Kime v. Fenner, 54 Neb. 476, 74 N. W. 869, we held: "A judge at chambers possesses no jurisdiction to vacate orders or judgments of the district court." The decision in Ellis v. Karl, *supra,* was again followed in Johnson v. Bouton, 56 Neb. 626, 77 N. W. 57.

It necessarily follows that jurisdiction to enter the order here involved at chambers must be found in the statutes.

In Shold v. Van Treeck, 82 Neb. 99, 117 N. W. 113, we reviewed the statutes then existing to determine what business the judge could transact at chambers and held: "The law of this state has fixed the place where the court shall be held. It determined what business may be transacted at chambers, and this court cannot change the law, and has no power to change the time or place at which the court may be held. The district court possesses jurisdiction only so long as it is holding court in conformity with the law; and when, without excuse, it disregards the law and attempts to hold court in any other place than that prescribed by statute, its acts become coram non judice. When the court attempts to render a judgment at a place other than where it is authorized to hold court, it has no jurisdiction, and its acts possess no validity."

We followed this holding in In re Estates of Anderson, 149 Neb. 551, 31 N. W. 2d 562.

Prior to 1935 the statute provided in part: "All terms of the district court shall be held at the county seat in the court house, or other place provided by the county board." § 27-303, Comp. St. 1929. That provision was

amended in 1935 so as to provide in part: "All terms of the district court shall be held at the county seat in the court house, or other place provided by the county board, but nothing herein contained shall preclude the district court, or a judge thereof, from rendering a judgment or other final order or from directing the entry thereof in any cause, in any county other than where such cause is pending, where the trial or hearing upon which such judgment or other final order is rendered took place in the county in which such cause is pending." Laws 1935, c. 58, § 1, p. 213. This amendment was approved February 19, 1935, and is now section 24-303, R. R. S. 1943.

This amendment must be considered in the light of Laws 1935, c. 42, § 1, p. 161, now section 25-1329, R. R. S. 1943, which provides: "That in any matter submitted to and taken under advisement by the District Court, or a judge thereof, such court or judge shall give the attorneys for the respective parties at least five days notice in writing sent by United States mail and addressed to their last known place of business, if such place of business be known to such court or judge, of the time and place when judgment or other final order will be entered in such matter, and may transmit any such judgment or final order, together with any findings of fact and conclusions of law that may be made, in writing, to the clerk of the court where such matter is pending from any place within this state, to be entered by such clerk at the time provided in such notice; and a statement in the judgment or final order that such notice was given shall be presumptive evidence thereof. Such judgment or final order, when entered by the clerk, shall for all purposes be deemed to have been made and entered in the county where such matter is pending."

The above act was introduced by the same member of the Legislature and approved the same day as section 24-303, R. R. S. 1943.

The applicable rule is: "Statutes pertaining to the same subject-matter should be construed together, and this is particularly true if the statutes were passed at the same session of the legislature." Nebraska District of Evangelical Lutheran Synod v. McKelvie, 104 Neb. 93, 175 N. W. 531, 7 A. L. R. 1688.

It is obvious that Laws 1935, c. 42, § 1, p. 161, now section 25-1329, R. R. S. 1943, was enacted as a grant of power to the district courts to be exercised within and subject to its terms, and that Laws 1935, c. 58, § 1, p. 213, now section 24-303, R. R. S. 1943, was enacted to remove any statutory impediment to the powers granted in section 25-1329, R. R. S. 1943.

The letter here in record cannot be held to be a compliance with section 25-1329, R. R. S. 1943, so as to entitle it to be deemed made and entered in the county where this matter is pending.

This situation does not go to a procedural irregularity but to the power of the court and the legality of the order.

An order of the trial court overruling or sustaining a motion for a new trial must be made with the same solemnity as a judgment. It is the order which gives finality to the judgment. It goes to the determination of a substantial right of the party.

An order granting or denying a new trial is an appealable order. § 25-1315.03, R. R. S. 1943. The time within which a notice of appeal must be filed is limited to 1 month from the overruling of a motion for a new trial. § 25-1912, R. R. S. 1943. Our decisions show that right of appeal may be lost if the above act is not complied with as to time. See Powell v. Van Donselaar, 160 Neb. 21, 68 N. W. 2d 894. The beginning of the 1-month period must be a fixed date in order to calculate the date of expiration. If this letter were to be held a final order, then the questions could well arise: Did the 1-month period begin to run when the judge wrote the letter, or when the clerk of the court received and

filed it, or when the attorneys received it? Obviously the "time" of the entry of the order becomes important. Just as obviously the parties are entitled to "at least five days notice" of the time and place when the judgment is to be entered.

Here no attention was given to the 5-day notice provision, for the letter was written March 27, 1956, and received and filed by the clerk of the court on March 29, 1956.

Section 25-1318, R. R. S. 1943, provides: "All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

Here no such order was entered. The appellants resorted to a notice of appeal "from the order of the District Court announced in letter to the parties on March 27th, 1956 overruling the motion for new trial * * *."

Section 24-317, R. R. S. 1943, grants power to district judges in chambers. The powers enumerated in paragraph (1) are conditioned upon 10 days' notice or written stipulation. The powers granted in paragraph (2) are conditioned upon written stipulation. The powers granted in paragraph (3) are limited to ex parte orders. This section has no application here.

There are other provisions of the statutes concerning powers of the judge at chambers which we have examined. They are sections 8-191 and 30-1106, R. R. S. 1943, and 48-184, R. S. Supp., 1955. They relate to special circumstances in nowise involved here.

The letter of March 27, 1956, filed March 29, 1956, does not constitute a final order overruling the motion for a new trial. Of necessity, then, the motion for a new trial is still pending.

It is the established rule that where the record in a law action shows the filing of a motion for a new trial, but no ruling thereon by the trial court, the appeal will be dismissed as prematurely taken. See, Metzger v.

Royal Neighbors of America, 85 Neb. 477, 123 N. W. 1052; Cozad Ditch Co. v. Central Nebraska P. P. & I. Dist., 132 Neb. 547, 272 N. W. 560.

The appeal is accordingly dismissed.

DISMISSED.