Rose Vasa, appellant, v. Joe Vasa, appellee.

80 N. W. 2d 696

Filed February 1, 1957. No. 34039.

*Mothersead, Wright & Simmons* and *Robert M. Harris*, for appellant.

*Firmin Q. Feltz*, for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal from the district court for Cheyenne County. While the appeal relates primarily to a decree rendered on January 6, 1956, in a divorce proceeding pending in that court, we take notice of the fact that the record affirmatively shows a defect as it relates to our jurisdiction on appeal.

After the decree was rendered on January 6, 1956, the record shows that on January 12, 1956, Rose Vasa, plaintiff below and appellant here, filed a motion for a new trial. After this motion for a new trial had purportedly been overruled by the trial judge she filed a notice of appeal, doing so on March 26, 1956. The cause was then docketed in this court on March 29, 1956, as case No. 34031. Apparently becoming aware of the fact that her appeal was out of time, as the transcript here filed showed the ruling on the motion for new trial to have been made on January 30, 1956, appellant dismissed her appeal without prejudice. See, § 25-1912, R. R. S. 1943; Mueller v. Keeley, *ante* p. 613, 80 N. W. 2d 707.

Thereafter appellant filed the following motion in this cause in the district court for Cheyenne County: "COMES NOW Rose Vasa, Plaintiff herein, and moves the Court to set aside the Order of the Court heretofore filed, purporting to overrule the Motion for a new trial, said Order purportedly being dated January 30, 1956, but actually having been signed in Lincoln County, Nebraska, on the 21st day of March, 1956, without notice and to set argument on the Motion for a new trial and other Motions down before the Court at its earliest convenient opportunity."

Hearing was had on this motion at Sidney, Nebraska, on April 4, 1956. The trial judge, who rendered the decree on January 6, 1956, testified at this hearing that he received the journal entry purportedly overruling the motion for new trial through the mail at chambers in North Platte, Lincoln County, Nebraska, from appellant's counsel with the following letter: "Enclosed herewith is a Journal Entry and copy in the Vasa matter. I assume that you will have no objection to overruling without Mr. Feltz or my being present so that we can get this matter appealed to the Supreme Court. I would appreciate it if you would return the order to me immediately and I will see to it that it is filed and docketed in Sidney."

The hearing record shows, as stated by counsel for Joe Vasa, defendant below and appellee here, that neither he nor his client was ever notified of the fact that the motion for new trial was being submitted, nor had they, or either of them, consented or agreed to the entry of any order thereon.

The trial judge further testified that no previous hearing had ever been held on the motion for new trial; that he signed the journal entry enclosed at his chambers in North Platte, Lincoln County, Nebraska, on or about March 21, 1956, without changing the date therein of January 30, 1956; and that thereafter he mailed it at North Platte addressed to appellant's counsel at

Scottsbluff, Nebraska. The record shows the latter thereafter filed it in the office of the clerk of the district court for Cheyenne County on March 23, 1956.

It is apparent, from his order overruling the motion being heard, that the trial judge was of the opinion the order he had signed on or about March 21, 1956, was a valid order. The order is as follows:

"At a session of the District Court in and for Cheyenne County, Nebraska, this 4th day of April, 1956.

"Comes now the respective parties. The Defendant on motion of his attorney waives notice of hearing on the motion for a new trial that was already submitted in Lincoln County, Nebraska, on March 21st, 1956.

"Said cause now comes on for hearing on the motion to set aside the order of the Court entered on the 21st day of March, 1956, in Lincoln County, Nebraska. The same is argued to the Court and is submitted to the Court on the pleadings and the evidence.

"Find that the same should be overruled on the ground that the matter was exparte and done within the district.

"Find that the order as entered and requested by Robert G. Simmons, Jr. was entered on the 21st day of March, 1956 though the order as presented to the Court and requested to be signed by said Simmons was dated January 30, 1956.

"IT IS THEREFORE ORDERED ADJUDGED AND DECREED BY THE COURT that said motion be and the same is hereby overruled, to which rulings of the Court Robert G. Simmons, Jr. excepts."

Appeal was taken from the foregoing ruling by appellant on April 7, 1956. We have recently, in the case of Mueller v. Keeley, *supra*, dealt with and fully discussed the question of a trial judge's jurisdiction at chambers on motions for new trial; when he can rule on such motions thereat; what is necessary to give him jurisdiction to do so; and the legal effect of a failure to comply therewith. What is therein said is herein controlling for the factual situations are comparable.

However, we shall again briefly discuss the principles here applicable.

Under the Constitution judges of the district courts, as such, have no inherent judicial authority at chambers and possess only such authority or jurisdiction thereat as is conferred on them by statute. Art. V, § 23, Constitution of Nebraska. See, also, Ellis v. Karl, 7 Neb. 381; Fisk v. Thorp, 51 Neb. 1, 70 N. W. 498; Hodgin v. Whitcomb, 51 Neb. 617, 71 N. W. 314; Kime v. Fenner, 54 Neb. 476, 74 N. W. 869; Johnson v. Bouton, 56 Neb. 626, 77 N. W. 57; Morrill County v. Bliss, 125 Neb. 97, 249 N. W. 98, 89 A. L. R. 932; Mueller v. Keeley, *supra.*

This situation does not go to a procedural irregularity but to the power of the court and the legality of the order. Any judgment or ruling so entered without authority or jurisdiction is void. See, Hodgin v. Whitcomb, *supra;* Kime v. Fenner, *supra;* Gamble v. Buffalo County, 57 Neb. 163, 77 N. W. 341; Mueller v. Keeley, *supra.*

The latter is the situation here for none of the statutory requirements to give the trial judge jurisdiction to rule on the motion for new trial at chambers in North Platte had been complied with when he attempted to do so on March 21, 1956. For a full discussion of the statutes here applicable, and their application, see Mueller v. Keeley, *supra.*

There was apparently an endeavor by the trial judge to breathe life into his purported order of March 21, 1956, by waiver for, at the hearing on April 4, 1956, he stated to appellee's counsel: "You dictated into my notes here that you are waiving that notice." The district judge then asked: "Now, is that what you mean?" Appellee's counsel replied thereto: "Yes, I think we have the right to waive the fact it was entered out of the county." In his order of April 4, 1956, the trial judge states: "The Defendant on motion of his attorney waives notice of hearing on the motion for a new trial that was already submitted in Lincoln County, Nebraska, on March 21st, 1956."

As we have already stated the purported order of the trial judge signed by him at chambers in North Platte in Lincoln County, Nebraska, was void at the time it was signed because the trial judge lacked jurisdiction and was therefore without authority to render it. This lack of authority cannot be supplied by subsequent waiver or consent. See Gamble v. Buffalo County, *supra*.

In view of what we have said it appears the motion for a new trial filed in this cause on January 12, 1956, remains undisposed of and, in view of that fact, this appeal has been prematurely taken; consequently, this court is without jurisdiction to consider it. We therefore dismiss the appeal.

APPEAL DISMISSED.