WILLIAM S. NICHOLSON, APPELLEE, V. JOHN W. GETCHELL, JR., ADMINISTRATOR, ET AL., APPELLANTS.

FILED MARCH 6, 1925. No. 23675.

1. Issues properly presented to the trial court and necessary to a determination of the case should be decided either by a finding by the court or a verdict of the jury.
2. Judgment: CORRECTION. A judge at chambers, except by consent of all parties to be affected, has no jurisdiction to modify or correct a decree of the district court. Comp. St. 1922, sec. 1099.

APPEAL from the district court for Sioux county: WILLIAM H. WESTOVER, JUDGE. Reversed.

Samuel L. O'Brien, Fern S. Baker and Allen G. Fisher, for appellants.

Lee Basye, contra.

Heard before MORRISSEY, C. J., ROSE, DAY, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

EVANS, J.

This is an action to foreclose a mortgage made by John W. Getchell to William S. Nicholson to secure the payment of a note for $23,000 due September 1, 1923. During the pendency of the action in the district court the mortgagor

defendant died. There was a decree of foreclosure, from which John W. Getchell, Jr., as administrator of John W. Getchell, deceased, and as part owner by grant and as heir of said decedent, prosecutes this appeal.

The facts out of which the action arose are as follows: On April 16, 1918, the plaintiff and appellee, with one Alvin W. Nicholson, entered into a contract with John W. Getchell, hereinafter called Getchell, Sr., for the sale and conveyance of a ranch located in Sioux county for an agreed consideration of $111,550, made up of existing incumbrances in a sum not to exceed $51,750, the payment of which the grantee assumed, a cash payment of $3,000, the additional payments in cash, the assignment of a note and mortgage and conveyance of other real estate. The contract as to the various conveyances and assignments, except as hereinafter noted, were carried out on the date of the note and mortgage in suit. In the conveyance of the ranch, section 17, covered by the contract, which, if excluded, severed the ranch into two parts, was omitted from the deed of conveyance, although included in the mortgage in suit given to secure the $23,000 note which was part of the consideration for the ranch. About the same date possession of the ranch was given to Getchell, Sr. Default was made in the payment of the interest installment due September 1, 1920, and the owner and holder thereof, the plaintiff, instituted the present action, and elected, under the conditions in the mortgage, to declare the whole debt secured due and payable. The petition to foreclose the mortgage was filed on January 26, 1922. A supplemental petition, alleging the death of the mortgagor on May 31, 1922, the appointment of John W. Getchell, Jr., as administrator of the estate of John W. Getchell, Sr., deceased, on the 10th day of July, 1922, and that the decedent left surviving him as his sole and only heirs his children, John W. Getchell, Jr., Claudia W. Warner, and Maude Marshall, and that they were proper parties defendant, was filed on November 13, 1922. There is in the record no order showing the revivor of the action against John W. Getchell, Jr., as adminis-

trator of the estate of John W. Getchell, Sr., deceased, and the said heirs.

On December 5, 1922, John W. Getchell, Jr., and John W. Getchell, Jr., as administrator of the estate of John W. Getchell, deceased, filed his answer admitting that the administrator was appointed and qualified as such, and alleged that Getchell, Sr., had answered during his lifetime, and adopted such answer as the answer of the administrator. It also includes a general denial, and alleges that John W. Getchell is the father of the defendant John W. Getchell, Jr.; that it was understood by the plaintiff and Alvin W. Nicholson, the other vendor in said contract, that Getchell, Sr., and John W. Getchell, Jr., were partners in the contract of purchase; that Getchell, Sr., had performed all of the terms of the contract on their part to be done and performed; that an undivided one-third interest in said land has been conveyed to said John W. Getchell, Jr., the failure to convey section 17 and offered to reconvey the land to the plaintiff.

On the same day was filed an answer and cross-petition by John W. Getchell, Sr., the same having been sworn to on the 23d day of March, 1922, and presented by one J. E. Porter as his attorney. In it are denied all allegations of the petition "not specifically admitted or qualified." It alleges the making of the contract to sell and convey the ranch, incorporating the contract into the answer and cross-petition by attaching it as an exhibit and making it a part thereof. It alleges performance on the part of the vendee of the contract; that the mortgage in suit and the note were made to the plaintiff in his own behalf and as trustee for Alvin W. Nicholson, who is alleged to be a necessary party; the failure to convey section 17; that the ranch was purchased because it was a contiguous tract, and that the omission of section 17 resulted in a division of the ranch into two parts and greatly reduced its value; that it was purchased for the purpose of speculation and resale, and that while land values were high and when there was a large demand for such tracts of land, the defendant

was prevented, by reason of such division of the ranch occasioned by the failure to convey section 17, from making a sale thereof; that since said time said lands have very much depreciated in value, the loss and depreciation being about $35,000, which the defendants ask to have set off against the amount due upon the mortgage, or, in the alternative, a rescission of the contract and a reconveyance, which is tendered.

On the 2d day of June, 1923, the plaintiff filed a reply to the answer of John W. Getchell, Jr., as administrator, and John W. Getchell, Jr., and his wife, and on the same day filed a reply "to the answer of the defendant John W. Getchell filed in the above-entitled action on the 5th of December, 1922." These replies admit the contract, admit the omission from the deed of section 17 but say it was a mistake of the scrivener; that as soon as attention was called to it a conveyance was made and all damages denied.

The case was tried on the 15th day of June, 1923, thirteen days after the filing of the replies. During the trial, while the evidence was being introduced on behalf of the defendants, it was testified to by Getchell, the administrator, also part owner of the property affected by the mortgage, that one Arnold, who was then at O'Neill, Nebraska, and was the prospective purchaser referred to, had been talked with over the telephone on the preceding Saturday; that he had promised to come upon telegram; that on Monday preceding the trial Getchell had sent Arnold a telegram to be there on the day of trial, June 15; that Arnold knew what had passed between the senior Getchell and himself with reference to the sale of the ranch in the fall of 1918; that witness had taken Arnold over the land, and he was pleased with it until he examined the records, and then he ceased to be interested; that as to such matters—the offer to buy and the effect of the record—Arnold would be the witness who would know. Arnold failed to come on the train as expected, and then the defendant made the following application: "The witness we have been expecting did not come, and in view of the present status of the

case I will ask for time to take depositions." The court made the following ruling: "By the court: In view of the long time this case has been pending the request will have to be denied. Defendants except."

The evidence having been concluded, the case was submitted to the court, who thereupon entered a decree finding for the plaintiff as to the mortgage and debt, and entering a decree of foreclosure and sale, but making no finding or reference to the defence and counterclaim set up by the defendants. Defendants excepted to the rulings and findings of the court. The exceptions were overruled and the defendants given 40 days in which to prepare and serve their bill of exceptions.

The appeal was filed in this court August 18, 1923. The appellants' brief was filed on February 23, 1924. On March 11, 1924, there was filed in the district court for Sioux county and under title of this action a motion for an order to enter a decree *nunc pro tunc*, and the insertion in the decree "of a finding that the cross-petition is not sustained by the evidence, and that said cross-petition be dismissed," the purpose being to incorporate such finding and decree in the decree entered on June 15, 1923, which motion by notice was set for hearing March 18, 1924, "At chambers of Honorable W. H. Westover, judge of the district court in the city of Chadron, Dawes county, Nebraska, at nine o'clock in the forenoon."

On March 18, 1924, at the chambers in Chadron, in the county of Dawes, the matter came on for hearing under the foregoing motion and notice, at which time the defendants, by their attorney, objected to the giving of any order at Chadron, in Dawes county, for the following reasons: That the order could only be made in district court in Sioux county; that an appeal of the case was then pending in the supreme court; that briefs on appellants' behalf had been filed; because the decree had been given after the court had refused a continuance to take the deposition of the witness Arnold, which deposition they were then willing to furnish and which will prove all the allegations of the

cross-petition, and the defendants renew their requests to furnish the proof if the district court for Sioux county, Nebraska, shall again assume the jurisdiction and undertake to pronounce judgment. The learned judge overruled the objections, and sustained the motion to enter a *nunc pro tunc* judgment in accordance with the plaintiff's motion.

On April 7, 1924, there was filed in this court a "motion suggesting a diminution of record and leave to file a supplemental transcript," which was allowed and a supplemental transcript filed, including, among other things, the proceedings described, an instrument filed in the district court for Sioux county on December 30, 1922, by which Claudia W. Warner, William W. Warner, Maude Marshall, and Andrew B. Marshall, each objects to the jurisdiction over the person of the defendant, "and demurs to the petition for the reason that the court has not jurisdiction of the person of this defendant, and for the reason that the petition states no facts which tend to constitute any cause of action against this defendant, who claims no interest in the subject-matter thereof;" also a request for a stay of execution signed by Fern D. Getchell, Claudia W. Warner, and Maude Marshall, and filed in the district court on June 15, 1923. It will be observed that the record is rather anomalous.

The questions presented by the record are: (a) Is a judgment or decree which ignores, both as to findings and decree, issues raised by the pleadings sufficient? (b) Can a decree of foreclosure of a mortgage conveying real estate be legally corrected or amended by a *nunc pro tunc* order made at chambers outside the county where the land is situated, when the making of such order at chambers is objected to by the parties to the suit? (c) Was there error in overruling the application of the defendants for a continuance?

In this action the defendant John W. Getchell, administrator, and John W. Getchell and wife, tendered the defense of a failure to comply with the contract for the convey-

ance of land for which the mortgage sought to be fore-
closed was part of the consideration, and sought affirmative
relief in damages occasioned by such failure.    To the
answer and cross-petition the plaintiff filed his replies
joining issue with the defendants and cross-petitioners.
This issue, so raised, the decree in this case wholly ignored,
unless the decree is aided by the order entered at chambers,
the validity of which will be discussed later.

"A judgment without a trial and determination of all the
issues properly raised is erroneous."    33 C. J. 1135, sec. 84.

"Issues properly presented to a trial court must be de-
cided either by finding by the court or verdict of the jury
before a judgment can be rendered."    *Foster v. Devinney,*
28 Neb. 416.

The defendants were entitled to have the issues so raised
passed upon and decided, and the failure of the decree
made on June 15, 1923, to fully cover the issues presented
by the pleadings is error.

After the appeal from the decree had been perfected and
briefs had been filed in the supreme court challenging the
validity of the decree, notice was served by the plaintiff
upon the defendant's attorneys to take up and hear at
chambers a motion to correct the decree by a *nunc pro tunc*
order, alleging in the motion that the issues raised by the
cross-petition and reply had, as a matter of fact, been
decided and determined on the 15th day of June, 1923, at
the time the decree was entered in court in Sioux county,
and seeking to correct the decree by inserting therein a
finding and an adjudication to that effect.

The provisions of the statute covering the question pre-
sented are in sections 9160 and 9161, Comp. St. 1922. The
correction sought in this case would fall under the third
sub-division: "For mistake, neglect, or omission of the
clerk, or irregularity, in obtaining a judgment or order."
It should be observed that this power to vacate or modify
a judgment or order is vested in the court, not in the judge.
There is nowhere power given to a judge in chambers to
modify or correct a judgment, except by consent of all

parties. A judge at chambers is given power to pass upon motions and demurrers. This, however, refers to motions and demurrers affecting pleadings, and not to the correction of judgments.

In *Fiske v. Thorp*, 51 Neb. 1, it was held: "A judge of the district court has no jurisdiction at chambers to hear and decide a motion to vacate a judgment made after the term at which the judgment was rendered.

"If a statute, in terms, confers jurisdiction to hear matters on a court as contradistinguished from a judge thereof, as a rule such matters must be heard in court, and not before a judge at chambers or in vacation."

See *Kime v. Fenner*, 54 Neb. 476; *Brownlee v. Davidson*, 28 Neb. 785; *Shold v. Van Treeck*, 82 Neb. 99.

It follows from the foregoing that the decree entered in this case in failing to pass upon the issues presented was erroneous, and that it could not be legally corrected by the *nunc pro tunc* order by the judge at chambers, entered in a county other than that in which the land affected was situated, except by the consent of all parties to be affected.

With reference to the application for continuance, it is well to have in mind the facts with reference to the pleadings. The petition was filed on January 26, 1922. A supplemental pleading setting forth the death of the defendant mortgagor, the appointment and qualification of his administrator, and the names of his heirs, and asking for a revivor, was filed on November 14, 1922. On December 5, following, the administrator filed his own answer, his answer as an individual, and that of his wife, adopting an answer evidently prepared by Getchell, Sr., in his lifetime, but which was not filed until the 5th of December, 1922. The latter tendered the issues to which reference has been made. This stood undenied until the 2d day of June, 1923, thirteen days before the trial of the case. It is true that nowhere in the record does the defendant set forth the particular facts to which the witness Arnold would testify. Neither does he set forth the fact that he has no other witness by which they can be proved. It does appear in the

testimony of John W. Getchell, the administrator, that the father is dead, and that the negotiations of an attempted sale were between the father and Arnold; that Arnold was conducted over the ranch by the witness Getchell; that Arnold was well satisfied with the ranch until he examined the records, when he lost all interest; that Arnold, although he lived outside the jurisdiction of the court, had promised to be present at the trial.

At the time the application was made for the *nunc pro tunc* order, the defendants again asked permission to present to the court in its proper form the evidence of this witness, and objected to the *nunc pro tunc* order at that time, or at any place except in court in Sioux county. Under such circumstances, it can scarcely be said there was a proper exercise of judicial discretion in refusing the defendants the opportunity to present the evidence of the witness in question.

This action involves the title to a large tract of land.

The pleadings, proceedings, and practically the entire record are in an unsatisfactory condition, neither party being blameless.

The decree is reversed and the cause remanded for further proceedings.

REVERSED.