JOHN A. KRIEGER ET AL., APPELLANTS, V. ROBERT SCHROEDER ET AL., APPELLEES, CLARENCE M. ANDERSON ET AL., INTERVENERS-APPELLEES.

87 N. W. 2d 367

Filed December 20, 1957. No. 34285.

*John F. McCarthy*, for appellants.

*Massie, Bottorf & Massie* and *S. W. Moger*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The relief sought by appellants was that the defendants and interveners in the district court be permanently enjoined from continuing and enlarging the condition which had diverted surface waters from their natural

course of drainage to and upon the land of appellants causing them, as they alleged, frequent, recurring, and irreparable damage. The original defendants were Robert Schroeder, Ralph R. Gerlach, and Eugene Dunleavy as members of the Harvard township board. Clarence M. Anderson and Vance A. Anderson became parties by intervention.

The substance of the part of the amended petition of appellants relevant to the subject of this appeal is as follows:

Appellants own and occupy the east half of the northwest quarter of Section 28 and the east half of the southwest quarter of Section 21, Township 8, Range 7, in Clay County. The improvements and farmstead are on the north part of the east half of the northwest quarter of Section 28 and adjacent to the east-and-west public highway between the two tracts of land. There is a small swale or draw which originates near the improvements and proceeds to the north. The land at that location slopes to the north and is drained by the swale or small draw. It crosses the highway in front of the improvements of appellants and continues north and east across the east half of the southwest quarter of Section 21 and the land of others farther to the east. There is a 30-inch culvert in the draw in front of the improvements of appellants to conduct water therein moving to the north to, under, and across the highway. The east-and-west highway extends between Sections 21 and 28 and between Sections 20 and 29 of said township and range in Clay County, and there is a north-and-south highway between these sections of land.

West of the buildings of appellants the land and the east-and-west highway rises as it approaches the intersection of the highways described. The waters west of the intersection did not naturally flow to the east to the swale or draw because of the natural rise of the land to the west of it. The board constructed a deep artificial ditch along the south of the east-and-west highway from

west of the higher land above described to the swale near the buildings of appellants. A 26-inch culvert was placed under the north-and-south road at the intersection west of the land of appellants to conduct water in the ditch to the east to and upon their land. The natural elevation of the ground at the intersection was higher than the ground immediately west thereof and the water did not naturally flow to the east and to the land of appellants. It would not do so except for the ditch and culvert constructed by the board. The land in Section 29 is somewhat flat and swampy. The board has permitted the owners of the northwest quarter of Section 29 to construct, and they have excavated, a drainage ditch thereon with its discharge into the highway ditch described above and the surface waters from the land are caused to flow to and upon the land of appellants. The surface water from the northeast quarter of Section 29 is diverted by the board to and through the highway ditch toward and upon the land of appellants. The interveners own the northeast quarter of Section 29 and they have made ditches to drain surface waters from ponds which form thereon into a highway ditch to the east of their land, excavated by the board, from which the water flows north to the east-and-west highway ditch above described and thence to and upon the land of appellants. The surface water upon Section 29, when the lands were in their natural condition, formed ponds thereon and excess surface water drained therefrom to the north over and across Section 20 away from and not upon the land of appellants. There were formerly culverts in the east-and-west highway to conduct the surface waters from this area under the highway, onto Section 20, and thence into a natural draw or watercourse. The culverts were removed some time before the commencement of this action and the natural drainage of the waters northward has been prevented. The grade of the highway has been and is used as a dam to divert them to the east to the land of appellants.

The board intends to remove the culvert at the intersection west of the land of appellants and there construct one of much larger capacity to increase and accumulate the drainage of surface water from the low land to the west, through the artificial highway ditch, to the swale aforesaid, and onto the appellants' land. The surface waters complained of herein do not naturally belong in the watershed drained by the swale on the land of appellants. The course they now follow is artificial and is not a natural course or means of drainage. The wrongful change in the drainage of the waters has not been caused by proper or necessary road construction but for the purpose of discharging surface waters from land contrary to the natural situation and opposed to the natural course of drainage of the area affected. A nuisance has thereby been created which is repetitious, substantially continuous, and thereby appellants have suffered and will continue to sustain irreparable injury and damage. They have no adequate remedy at law.

The board and interveners respectively joined issues by denials of the claims of appellants except they pleaded some admissions and other matters which do not require further notice.

Trial of the cause was had upon stipulation of the parties at the conclusion of which the district court found on June 14, 1949, that it had been stipulated by the parties that an excessive amount of surface waters accumulated in the northeast corner of the northeast quarter of Section 29, Township 8, Range 7, in Clay County, and in and around the buildings of appellants located on the east half of the northwest quarter of Section 28, Township 8, Range 7, in Clay County, by virtue of the manner in which the township road immediately north of said properties had been graded and culverts placed; that formerly there was a culvert across the township road approximately 160 feet west of the northwest corner of the northeast quarter of said Section 29 which permitted water to flow in natural drainage from and over the

surrounding lands; that at some time in the past the culvert was removed; that it would be for the best interests of all concerned that a 48-inch culvert be placed on the road at said place; that road ditches on the above-described road have been cut through and below the surrounding grade; that there was a rise in the surrounding land approximately 150 feet east of the northwest corner of said northeast quarter of Section 29; that the grade of the township road was cut through said land and permitted the water to flow out of its natural watershed; and that it would be for the best interests of all concerned that the said road ditch at the above-described place be filled to a level with the surrounding land.

The judgment rendered by the court was that the township board be and it was directed to place a 48-inch culvert in the township road above described which runs in an east-and-west direction on the north side of Section 29 at a point approximately 160 feet west of the northwest corner of the northeast quarter of said section and to fill the road ditches of said township road to the height of the surrounding land at a point approximately 150 feet east of the northwest corner of the northeast quarter of said section.

The record exhibits an "ORDER" bearing date of "First day of September, 1951," resulting from "the application of Harold F. Smith and Forrest Pense for a change in procedure under the order heretofore made by the court on June 14, 1949," because "the dike in the north ditch south of said Section 20 (and north of Section 29) fails to force the water in said ditch north across the real estate of said Smith and Pense as was the intention of the court in making said order of June 14, 1949." The order recites that it is ordered that the county and township officers interested in the roads between Sections 20, 21, 28, and 29 be authorized to remove the dike in the north ditch south of Section 20, if they think best; to rebuild a driveway and place a larger

and adequate culvert under it at the southeast corner of Section 20; and, if they find it necessary to place a large culvert under the road between the ditches lying between Sections 20 and 21 in order that the water which accumulates therein along the south side of Section 20 may be carried into the ravine or waterway into which it would have originally been carried if no deep roadway ditches had been constructed by the county and township officers south of Section 20, then they may do so. The order concluded "that this order be carried into effect as soon as the said county and township officials deem it advisable."

The record does not show that there was on September 1, 1951, an "application of Harold F. Smith and Forrest Pense" in this case "for a change in procedure" or for anything. They were not then nor have they since been parties to this litigation. They verbally on August 9, 1956, asked leave to intervene and leave was granted them to do so but they did not at any time file any pleading of intervention. They did nothing further concerning this case until they appeared in this court and filed a brief designating themselves as appellees.

Appellants filed a motion for an order of the court vacating the order dated September 1, 1951, to which reference is made above. A hearing of the motion at which evidence was taken was had on May 8, 1957, and the motion to vacate was overruled. The motion of appellants for a new trial was denied. This appeal contests the correctness of the order of the court refusing to vacate the order of September 1, 1951.

The date of June 14, 1949, on which the judgment herein was rendered was a day of the regular January 1949 term of the district court for Clay County. It may be assumed that the adjournment thereof was some time during the year 1949 or, in any event, before September 1, 1951, because the judges of the district courts are required within the last 2 months of each year to fix the time of holding terms of court in the counties of their

respective districts during the ensuing year. § 24-303, R. R. S. 1943. In the absence of anything to the contrary appearing in the record it must be presumed that the judges of the tenth judicial district of Nebraska recognized and timely performed that duty. The judgment herein of June 14, 1949, became final before September 1, 1951. The order bearing that date was an attempt to modify and partially at least vacate the judgment rendered on June 14, 1949, without notice to or opportunity to be heard by any of the parties to this case. It does not purport to have been made on any day of a term of court in open court. It was conceded at the submission of the case that the order was made by the judge in chambers. This may be accepted as the fact. A district judge has no inherent authority to act in chambers. He has only the jurisdiction in this regard given him by statute. In Vasa v. Vasa, 163 Neb. 642, 80 N. W. 2d 696, it is said: "Under the Constitution judges of the district courts, as such, have no inherent judicial authority at chambers and possess only such authority or jurisdiction thereat as is conferred on them by statute." See, also, Mueller v. Keeley, 163 Neb. 613, 80 N. W. 2d 707.

There is no statute of this state which confers power on a district judge in chambers to modify or vacate a judgment of the district court after the term at which it was rendered. The court said in Kime v. Fenner, 54 Neb. 476, 74 N. W. 869: "A judge at chambers possesses no jurisdiction to vacate or modify orders or judgments of the district court." In Fisk v. Thorp, 51 Neb. 1, 70 N. W. 498, it is said: "Our statute does not confer power upon a judge, as contradistinguished from a court, to hear a motion to vacate or modify the judgment of the court after the term at which it was rendered. Usually a judge has no power to vacate or amend orders and judgments in vacation or at chambers. It may or must be conferred by statute. * * * An examination of the provisions of our Code of Civil Procedure on the subject of proceedings to reverse, vacate, and modify

judgments, etc., after the term at which they were rendered * * * develops that the authority therein given, and jurisdiction conferred, are upon the court, and not in any sense or to any extent upon a judge thereof at chambers or in vacation." See, also, Nicholson v. Getchell, 113 Neb. 248, 202 N. W. 618.

The invalidity of the order dated September 1, 1951, does not result from procedural irregularity but because of absence of jurisdiction or power of the author of it. It was a nullity. It created no rights and imposed no obligation. It could be assailed at any time. Kime v. Fenner, *supra;* Mueller v. Keeley, *supra.*

The adjudication of the district court overruling the motion of appellants for an order vacating the order in this case bearing date of the first day of September 1951, should be and it is reversed and the cause is remanded with directions to the district court for Clay County to sustain the motion of appellants to vacate, and to vacate and expunge from the record of the court the said order bearing date of the first of September 1951. The costs in this court should be taxed to Harold F. Smith and Forrest Pense.

REVERSED AND REMANDED WITH DIRECTIONS.